UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE NO. 12-7003-JCB

UNITED STATES OF AMERICA

v.

LINDA LOUISE CULKIN

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

Boal, M.J.

The defendant, Linda Louise Culkin, is charged in a complaint with transmitting in interstate and foreign commerce a communication containing a threat to injure the person of another in violation of 18 U.S.C. § 875(c). An initial appearance was held on January 17, 2012, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A) (crime of violence) and 3142(f)(2)(A) (risk of flight).[1]

The court held a detention hearing on January 23, 2012. The government called one witness, United States Postal Inspector Sean M. Boyce, and introduced four exhibits into evidence. The court held a further detention hearing on January 27, 2012 to address additional issues regarding detention that had not been addressed by the parties at the January 23 hearing.

The court considered the evidence submitted at the detention hearings, the parties' arguments, and a Pretrial Services Report that recommended detention. After careful consideration of the evidence and for the following reasons, the court orders that the defendant

[1] The government did not originally move for detention under obstruction of justice grounds at the initial appearance. However, at the detention hearing, the government added obstruction of justice under 18 U.S.C. § 3142(f)(2)(B) as one of the grounds upon which it sought detention.

be detained pending trial.

**I. <u>FACTS</u>**

The government alleges that Culkin transmitted communications in interstate and foreign commerce threatening to injure the persons of an individual identified by the initials K.S. and others who work with K.S. Culkin is alleged to have sent a threatening birthday card to someone who worked for K.S. on or around July 13, 2009. Among other things, the card said "Happy Birthday. Hope you Don't feel THAT Old, + Dead Soon!" (Docket No. 1-1 at ¶ 8).

She is also alleged to have sent bomb threats to K.S.'s workplace in September 2009. In addition, from approximately December 2010 through September 2011, Culkin sent threatening messages to K.S. and K.S.'s colleagues through Twitter. Those threats included statements that the person would put a bullet in K.S.'s brain, that K.S. would be tortured and that K.S. should wait for an explosion.

In September 2011, K.S. and people working with K.S. received threatening emails. The government alleges that the emails have been linked to Culkin.

The government alleges that Culkin posted the threatening tweets and sent the emails from her former place of employment, a nursing home, from public computers at the Milton and Quincy public libraries, and from the apartment of a friend identified as Jane Doe, who lives next door to Culkin.

On January 4, 2012, Mr. Boyce and other postal inspectors executed a search warrant of Culkin's apartment. The investigators found multiple items indicating an ongoing interest in K.S., including a picture of K.S. with blacked out eyes and mouth scribbled out and K.S.'s name written repeatedly in the margin. They also found multiple copies of a page with "Killing

[K.S.]" typewritten or computer-written in the upper left hand corner, with what appear to be copies of seventeen excerpted Internet materials concerning K.S. Some of these materials were found hidden in areas that a thorough search might overlook, such as inside Culkin's cat's play structure, under rugs, stuffed inside chairs and couches, and behind a credenza.

Culkin originally told investigators that she thought Jane Doe was responsible for the threatening mailings, emails, and tweets. After her arrest, Culkin gave a statement to the investigators and admitted that she was responsible for the threats to K.S. and K.S.'s colleagues.

## II. ANALYSIS

### A. Legal Standard

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991). A defendant may also be detained if the government establishes by clear and convincing evidence that a serious risk exists that the defendant will, or will attempt to, obstruct justice or threaten or injure prospective witnesses or jurors. 18 U.S.C. § 3142(f)(2)(B). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Patriarca, 948 F.2d at791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the

danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The Government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the court determines that the government has met its burden regarding detention.

**B. Defendant's History And Characteristics**

Culkin is fifty-two years old. She has been married to her current husband for approximately fifteen years. She does not have any children. Her parents and siblings are deceased.

Culkin has lived in Massachusetts for approximately eighteen years. She has lived at her current address for the last twelve years with her husband in their jointly owned condominium.

At the time of her arrest, Culkin had been employed as a certified nursing assistant at a nursing home since April 2011, and has been employed in that line of work since 1998.

Culkin's criminal history shows convictions in 1992 for harassing telephone calls, malicious destruction of property, trespassing, stalking and threatening. Her ex-husband filed a restraining order against Culkin, which was effective from November 4, 1993 to November 9, 1994. Her record also shows some defaults.

### C. Nature of the Offense; Weight Of The Evidence

Communicating threats to injure in interstate commerce is considered a crime of violence. The Bail Reform Act defines a crime of violence as, inter alia, an offense that is "a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). The defendant is charged with threatening several persons with violence. Accordingly, the court finds that the case involves a crime of violence. See, e.g., United States v. Petersen, 557 F.Supp.2d 1124, 1126 n. 1 (E.D. Cal. 2008) ("A section 875 violation (transmitting threatening communications) constitutes a 'crime of violence' under the Bail Reform Act. . ."); cf. United States v. Osborne, No. CRIM.2002-125, 2003 WL 22173072, at *3 (D.V.I. Sept. 12, 2003) (threatening a juror is a crime of violence under the Bail Reform Act).

The government has evidence linking Culkin to the alleged threats and she has given a statement admitting that she was responsible for the threats to K.S. and others. Under the circumstances, the weight of the evidence against Culkin appears strong.

### D. Dangerousness[2]

Although the government has not presented any evidence that Culkin has attempted to

---

[2] "[W]here detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in [18 U.S.C.] § 3142(f)(1)." United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988) (emphasis added). Here, the government moved for detention under Section 3142(f)(1)(A), which applies when the defendant has been charged with a crime of violence. As set forth above, the court has found that the defendant is charged with a crime of violence and, therefore, it can consider dangerousness. The court notes, however, that the government also moved under Section 3142(f)(1)(E), which applies when the case involves "a felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm or destructive device . . ." 18 U.S.C. § 3142(f)(1)(E). The government presented no evidence that this crime involved the possession or use of a firearm or destructive device.

carry out any of her alleged threats, Culkin's criminal history is concerning. She has been convicted of offenses similar to the one at issue in this case, though the court notes that those convictions date back to 1992 and that Culkin has submitted that those charges involved a domestic situation very different from the circumstances of this case.

**E. Risk Of Flight**

Culkin has ties to the community and she has stated that she does not own a passport and has no driver's license or car. However, there may be some risk of nonappearance based on allegations that she has made misleading statements to investigators in this case and to Pretrial Services. In addition, though her criminal history is old, she shows some history of defaults.

**F. Proposed Conditions Of Release**

Even after finding that the defendant poses a serious risk of danger and/or of flight, the court must consider whether there are conditions that will reasonably guard against that risk. See Patriarca, 948 F.2d at 791. Here, the defendant proposes to be released to home confinement with electronic monitoring. There is no computer or internet access at her home. She is also amenable to receiving mental health counseling.

The court has serious concerns regarding the defendant's proposed conditions of release. Defendant proposes to go back to her apartment, which is located next door to Jane Doe, a potential witness in this case. In addition, the government alleges that the defendant used Jane Doe's computer to send some of threatening communications in this case. Culkin also originally blamed Jane Doe for the threats to K.S. and the other victims. Due to the proximity of defendant's apartment to Jane Doe's apartment, electronic monitoring may not be sensitive enough to alert Pretrial Services should defendant attempt to go to Jane Doe's apartment. The

court finds that the proposed conditions of release do not reasonably assure the appearance of the defendant as required and the safety of any other person and the community, though it says nothing about whether a different set of release conditions, including alternative housing, may reasonably guard against any potential risks.

Accordingly, the court finds that the government has met its burden of proof regarding detention[3] and orders that Culkin be detained pending trial.

## III. ORDER

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Linda Louise Culkin be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Linda Louise Culkin be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Linda Louise Culkin is detained and confined shall deliver her to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

---

[3] The government also moved for detention on the grounds that the defendant poses a serious risk that she will obstruct, or attempt to obstruct, justice pursuant to 18 U.S.C. § 3142(f)(2)(B). The government bears the burden of proving, by clear and convincing evidence, that the defendant poses a serious risk of obstructing justice. Id. Having found that the government has met its burden of proof regarding detention on dangerousness and risk of flight grounds, the court need not address the government's argument that the defendant poses a serious risk that she will obstruct, or attempt to obstruct, justice.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

Date: February 6, 2012