

U.S. Department of Justice

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

---

*Main Reception (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 23, 2013

Inga L. Parsons, Esq.
3 Bessom St.
Marblehead, MA 01945

   Re: U.S. v. Linda Louise Culkin
      Criminal No. 12-10080

Dear Ms. Parsons:

  This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Linda Louise Culkin ("Defendant"), in the above-referenced case. The Agreement is as follows:

  1. <u>Change of Plea</u>

  At the earliest practicable date, Defendant shall plead guilty to all counts in which she is named in the above-referenced Indictment:  Counts One through Three --- 18 U.S.C. § 876(c) (Mailing Threatening Communications); Counts Four through Eight --- 18 U.S.C. § 844(e) (Threats and False Information Regarding Explosives); Counts Nine through Twelve --- 18 U.S.C. § 1038 (False Information and Hoax Regarding a Biological Agent and Toxin); and Counts Thirteen and Fourteen --- 18 U.S.C. § 875(c) (Transmitting Threatening Communications in Interstate and Foreign Commerce). Defendant expressly and unequivocally admits that she committed the crimes charged in the Indictment, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses.

  2. <u>Penalties</u>

  Defendant faces the following maximum penalties. On Counts One through Three --- 18 U.S.C. § 876(c) (Mailing Threatening Communications), Counts Nine through Twelve --- 18 U.S.C. § 1038 (False Information and Hoax Regarding a Biological Agent and Toxin), and Counts Thirteen and Fourteen --- 18 U.S.C. § 875(c) (Transmitting Threatening Communications in Interstate and Foreign Commerce), Defendant faces incarceration for a period of 5 years. On Counts Four through Eight --- 18 U.S.C. § 844(e), Defendant faces incarceration for a period of 10 years. On all Counts, Defendant additionally faces supervised release for a period of 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; a mandatory special

assessment of $100; restitution; and forfeiture as set forth below.

Defendant also recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

(i) in accordance with U.S.S.G. § 2A6.1 cmt. n.3, U.S.S.G. § 3D1.2, and *United States v. Nedd*, 262 F.3d 85 (1st Cir. 2001), the Counts fall into six groups of closely-related offenses:

Group 1, which includes Counts Two, Three, Thirteen, and Fourteen, whose sole victim was K.S.;

Group 2, which includes Counts Four, Five, Nine, Ten, whose victims were K.S. and the occupants and owners of K.S.'s workplace outside of the United States;

Group 3, which includes Count One, whose victims include K.S., the occupants and owners of K.S.'s workplace outside of the United States, and D.B.;

Group 4, which includes Counts Six and Seven, whose victims include the residents and passers-by in the neighborhood surrounding K.S.'s workplace outside the United States;

Group 5, which includes Count Eight, whose victims include K.S. and the

        occupants and owners of K.S.'s workplace inside the United States; and

        Group 6, which includes Counts Eleven and Twelve, whose victim was K.S.'s co-worker;

(ii)   in accordance with U.S.S.G. § 2A6.1(a)(1), Defendant's base offense level is 12;

(iii)   in accordance with U.S.S.G. § 2A6.1(b)(2), taking into account the charged conduct and all relevant conduct, Defendant's offense level for each Group is increased by 2 levels, because those offenses involved more than two threats;

(iv)   in accordance with U.S.S.G. § 2A6.1(b)(4)(A), (B), Defendant's offense level for Groups 1, 2, and 3 are increased by 4 levels, because the offenses resulted in substantial disruption of public, governmental, and business functions and services, and in a substantial expenditure of funds to respond to the offenses;

(v)   in accordance with U.S.S.G. § 3C1.1, Defendant's offense level for each count is increased by 2 levels, because Defendant willfully attempted to obstruct or impede the administration of justice with respect to the investigation of the offense of conviction and the obstructive conduct related to Defendant's offenses of conviction and any relevant conduct;

(vi)   the offense level for each Group is as follows: Group 1 – 20; Group 2 – 20; Group 3 – 20; Group 4 – 16; Group 5 – 16; and Group 6 – 16;

(vii)   in accordance with U.S.S.G. § 3D1.4(a), each Group counts as a separate Unit, because each Group's offense level is equally serious or from 1 to 4 levels less serious than the Groups' most serious offense level; and

(viii)   in accordance with U.S.S.G. § 3D1.4, the combined offense level is computed by taking the highest offense level of 20 and adding 5 levels because there are more than 5 Units, for a total combined offense level of 25 (before accounting for acceptance of responsibility, if any).

    The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise changes after her indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

    If Defendant contends that there is a basis for departure from, or a sentence outside, the

otherwise applicable Guidelines sentencing range based on her medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in her possession. In addition, Defendant will authorize her care providers to discuss her condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons). If Defendant contends that any information contained in the records should not be disclosed to the U.S. Attorney or the U.S. Attorney's experts, or that any examination or interview should not include questions or information on a specific topic, she will move the Court for an order to limit disclosure or inquiry.

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit her conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about her financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

      (h)    Commits a crime;

      (i)    Transfers any asset protected under any provision of this Agreement; or

      (j)    Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

    (a)    incarceration for a period of five years;

    (b)    a fine within the Sentencing Guideline range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    36 months of supervised release, subject to conditions requiring Defendant to (i) obtain and continue mental health counseling and other mental health treatment, as ordered by Probation; (ii) engage in no contact with the victims[1] of this case in person or by telephone, mail, or electronic communication; (iii) make no threats in person or by telephone, mail, or electronic communication to the victims of this case, any other person, or the occupants of the buildings in which they live or work, regardless of whether those threats are conveyed to a victim or to any other person; and (iv) other conditions regarding the Defendant's use of computers and smartphones to be decided by the Court at sentencing;

    (d)    a mandatory special assessment in the amount of $1,400;

    (e)    restitution in an amount to be determined by the Court, which will include (i) the amount of security expenses incurred by any victim or recipient as a result of Defendant's threats, currently estimated to be at least $123,677, based on information currently in the U.S. Attorney's possession regarding K.S.'s losses, but subject to increase should the U.S. Attorney or

---

[1] The U.S. Attorney will provide a list of victims, which may be redacted, to Probation and the Defendant.

the Court obtain additional meritorious claims for restitution from K.S. or any others by the time of sentencing, and, (ii) pursuant to 18 U.S.C. § 1038(c)(1), the amount of expenses incurred by any law enforcement agency to respond to any bomb or biological threat by Defendant, which information the U.S. Attorney does not yet possess; and

(f) forfeiture as set forth below.

Defendant may argue for any sentence at all.

Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than fourteen days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least fourteen days before sentencing shall be deemed waived.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,500;

(b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $1,500 per month; and

(c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>.

    (a)    Defendant has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that she may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241 or 18 U.S.C. § 3582(c), that her conviction should be set aside or his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)    Defendant waives any right she has to challenge her conviction on direct appeal or in a collateral challenge.

    (c)    Defendant agrees that she will not file a direct appeal nor collaterally challenge any sentence of imprisonment of 51 months or less, any order of restitution that totals $123,677 or less, or any orders relating to supervised release, forfeiture, or fines, unless the challenge is constitutional in basis. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

    (d)    The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 41 months or more.

    (e)    Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8. <u>Other Post-Sentence Events</u>

    (a)    In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges her sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7).

    (b)    If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, she agrees that she will not seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that she has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after

sentencing unless she has been found actually factually innocent of that prior crime.

(c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9. Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence that Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the U.S. Attorney's Sentencing Guidelines calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10. Forfeiture

Defendant hereby waives and releases any claims she may have to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases her claims to all personal property seized from her apartment on or about January 4, 2012 by, or turned over to, the United States Postal Inspection Service.

11. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

12. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, that Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness.

9

Please return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I received an offer by letter dated March 12, 2012, and rejected that offer. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Linda Louise Culkin
Defendant

Date: 11/20/13

I certify that Linda Louise Culkin has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated March 12, 2012, and that Defendant rejected it.

_____
Inga L. Parsons, Esq.
Attorney for Defendant

Date: 11-20-13

11