UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                     -v-                                  12CR10080-GAO

LINDA CULKIN,

                                      Defendant.
-----------------------------------------------------------------------X

**EMERGENCY MOTION FOR IMMEDIATE LOCAL EVALUATION OF
DEFENDANT CULKIN AND EXCESS PAYMENT
<u>PURSUANT TO CRIMINAL JUSTICE ACT</u>**

The Court has asked for updated psychiatric information through the Bureau of Prisons ("BOP") on Ms. Culkin pursuant to 18 U.S.C. § 4244. Pursuant to the statute, a defendant found guilty of an offense or the attorney for the Government may within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant. The ten day limit has obviously passed. The statute does provide that the Court may order a hearing prior to sentencing on its own motion. Under 18 U.S.C. § 4244, a hearing is conducted to determine whether Ms. Culkin is presently suffering from a mental disease or defect for which she is in need of custody for care or treatment in a suitable facility.

Under 18 U.S.C. § 4244(b) the Court may order that a psychiatric or psychological examination be conducted and filed with the Court. It does not require that the examination be conducted by the BOP. Defense counsel has had an opportunity to investigate the use of the BOP under the statute. Defense counsel has contacted the Federal Defenders' Office which has advised that in their experience the use of BOP review is incredibly slow (many months) and the reports are typically less helpful and comprehensive than private psychiatric services in the Boston area. Furthermore, the doctors often lack the credentials and expertise of private practitioners available in the Boston area.

The Federal Defenders have been successful in the past in using local psychiatric services for such reports as opposed to BOP review. Counsel recently spoke to Page Kelley who recommended Dr. David Rosmarin for these purposes as incredibly qualified. Dr. David Rosmarin is Board Certified in Forensic Psychiatry and teaches at the Harvard Medical School and works at McClean Hospital in Belmont. Counsel has been in contact

with Dr. Rosmarin who confirmed he would be available in the next 10 days to meet with Ms. Culkin and to do an evaluation and could meet with her as early as Friday of this week if approval is obtained immediately, hence filing of this motion under an emergency basis. Counsel has advised the government as to her intention to seek this motion and they are still in the process of investigating the BOP review. For the meeting with Ms. Culkin at Framingham MCI reviewing records and drafting an evaluation Dr. Rosmarin estimates he could do that for $4,000.00.

Apart from the inferior review, BOP evidently would require Ms. Culkin to be transported down to Texas through the BOP and then transported back for any hearing or sentencing and possibly back down to Texas depending on the Court's determination delaying this case for months. Counsel also spoke to the United States Marshal Service who confirmed that it can take a very long time even as much as three months. Counsel would seek to be present as well (Ms. Culkin's constitutional rights are still applicable and indeed she is entitled to counsel under the statute at any hearing, *see* 18 U.S.C. § 4247(d)) which would require additional expense under the Criminal Justice Act that would be minimized with local review.

Ms. Culkin requests that funds be issued for Dr. Rosmarin to do an immediate evaluation and report and that Ms. Culkin not be submitted to BOP custody for an evaluation. Even if the Court does not order Dr. Rosmarin's report pursuant to 18 U.S.C. 4244(b), the defense requests this report as part of Ms. Culkin's right to present evidence pursuant to 18 U.S.C. § 4247(d), and, given Ms. Culkin's indigent status, we request that the Court issue an order permitting expenditure of fees in excess of the $800

limit for expert psychiatric services pursuant to Criminal Justice Act, 18 U.S.C., Section 3006A for the $4,000.00 needed at this time.

WHEREFORE it is respectfully requested that this Court approve the funding necessary for Dr. Rosmarin to do an immediate evaluation in excess of the $800 in psychiatric expert services in this matter at this time.

Dated:  May 14, 2012

>Respectfully submitted,
>Linda Culkin
>By her attorney,
>
>*/s/ Inga L. Parsons*
>
>_____
>Inga L. Parsons (BBO#675211)
>3 Bessom Street, No. 234
>Marblehead, MA  01945
>781-581-2262

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the 14th day of May, 2014 upon all counsel of record by ECF/CM delivery:

>_____/s/____*Inga L. Parsons*_____
>Inga L. Parsons