**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LINDA LOUISE CULKIN,**<br><br>      **Defendant.** | **Criminal Case No. 12-CR-10080-GAO** |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE LOCAL EVALUATION OF DEFENDANT CULKIN AND EXCESS PAYMENT PURSUANT TO CRIMINAL JUSTICE ACT**

    The United States moves the Court to deny Defendant Culkin's emergency motion.

    On this record, there is no basis to conclude that the Bureau of Prisons lacks the expertise needed to evaluate Defendant Culkin's mental condition or write the reports necessary under 18 U.S.C. §§ 4244 and 4247, or to conclude that Dr. David Rosmarin has that expertise.  To the extent that Defendant has established a record on these points, that record consists solely of second- and third-hand information about BOP and Dr. Rosmarin.  It does not even include Dr. Rosmarin's resume or his familiarity with the topics on which 18 U.S.C. §§ 4244 and 4247 would have him opine.

    To the extent that any delay involved with committing Defendant Culkin to the Bureau of Prisons for an evaluation is relevant, the United States notes that it has contacted the Bureau of Prisons this morning but has not yet heard back before filing this response.  Moreover, most of the delay in bringing the case to this point is due to continuances requested by Defendant Culkin. *See* Dkt. # 91 (July 19, 2013); Dkt. # 97 (Sept. 19, 2013); Dkt. # 108 (Jan. 9, 2014); Dkt. # 113 (Mar. 26, 2014).  Regardless, Defendant Culkin's mental condition and her ultimate care and sentence are issues too important to be shortchanged through haste.

Defendant is incorrect in suggesting that 18 U.S.C. § 4247(d) guarantees her the right to have counsel present during a psychiatric or psychological evaluation. Section 4247(d) guarantees her the right to counsel "[a]t a hearing ordered pursuant to this chapter," but sections 4244 and 4247 make clear that the hearing is distinct from the examination. Without sufficient time to research this issue, given the emergency nature of this motion, the United States suggests that an examining psychiatrist or psychologist might conclude that having a third party, including Defendant's counsel, present during an examination could interfere with effectively determining answers to the questions on which the Court seeks answers.

Finally, it is not clear that Defendant has the right under the statutes cited to request an examination by a particular examiner. Section 4247(b) allows the Court to designate one or more examiners, but allows the defendant to request an additional examiner only "if the examination is ordered under section 4245, 4246, or 4248," 18 U.S.C. § 4247(b), and those statutes do not apply here.

The United States therefore moves the Court to deny Defendant's emergency motion.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney
                District of Massachusetts

By:   */s/ Scott L. Garland*
       Scott L. Garland
       Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

   I hereby certify I am causing these documents to be filed through the ECF system, and therefore they will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

               */s/ Scott L. Garland*
               Scott L. Garland
               Assistant United States Attorney

Date: May 14, 2014