UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------------
UNITED STATES OF AMERICA,

                      -v-                      12CR10080-GAO

LINDA CULKIN,

                      Defendant.
-----------------------------------------------------------------------X

**REPLY TO GOVERNMENT'S RESPONSE TO EMERGENCY MOTION FOR**
**IMMEDIATE LOCAL EVALUATION OF**
**DEFENDANT CULKIN AND EXCESS PAYMENT**
<u>**PURSUANT TO CRIMINAL JUSTICE ACT**</u>

The guidelines determined by the probation officer in this case have a range of 33 to 41 months.  Ms. Culkin has been in prison since January 13, 2012.[1]  She has been in custody for over 28 months.   Whether the delays in this case were occasioned by the government seeking continuances due to the need for overseas discovery or by the defense, the point is that further delay of the sentence at this time prejudices Ms. Culkin unnecessarily when it is possible to have a more expedient resolution.  Moreover, the need for expediency has been heightened given the government's disclosure of the true name of K.S. in their filings which has resulted in a press frenzy including newspaper articles, television coverage, including television crews camped out at Ms. Culkin's home, resulting in a negative climate against Ms. Culkin and additional stress on Ms. Culkin and her family.

Given that the 18 U.S.C. 4424 examination is being compelled by the Court, as such, Ms. Culkin has Fifth Amendment and Sixth Amendment rights and it is counsel's job to ensure that they are enforced.  The Sixth Amendment right to effective assistance of counsel inheres at all "critical stages" of a criminal proceeding unless competently waived. *United States v. Mateo,* 950 F.2d 44, 47 (1st Cir.1991).  It is hard to conceive that a psychiatric examination by a government entity to determine confinement of a defendant would not be a "critical stage."  This is a somewhat different than the situation Judge Wolfe faced in *United States v. Sampson*, 335 F.Supp.2d 166, 247 (D.Mass 2004), determining whether counsel should be present at a psychological examination where the defendant was presenting expert testimony on his medical conditions pretrial where Rule 12.2 F.R.Cr.P. which provides that "[n]o statement made by a defendant in the course of

---

[1] The date of January 13, 2013 stated in defense counsel's sentencing memorandum was a typo and should say January 13, 2012.

any examination conducted under this rule ... and no other fruits of the statement may be admitted into evidence against the defendant in *any criminal proceeding* except on an issue regarding mental condition" on which the defendant has introduced expert evidence pursuant to Rule 12.2. Fed.R.Crim.P. 12.2(c)(4). *Id.* (emphasis in Judge Wolfe's opinon); (citing 1983 Advisory Committee Notes (stating that Rule 12.2(c) was written to "reflect the Fifth Amendment considerations" addressed in *Estelle*) (other citations omitted).

In analyzing the need for counsel at the examination, Judge Wolfe observed that even where the Fifth Amendment is not implicated, while "a substantial majority of state and federal jurisdictions have held that a defendant does not have the right to counsel during a psychiatric examination there is no controlling Supreme Court or First Circuit precedent, and there are compelling arguments on both sides." *Id.* at (citing *U.S. v. Byers,* 740 F.2d 1104 (D.C.Cir.1984) ( *en banc* ) (five judges found no right to counsel, four judges dissented and three judges would have refused to consider the appeal on procedural grounds.) (Internal citations omitted)).  Judge Wolfe concluded that "regardless of whether a defendant has a constitutional right to have counsel present at the government's examinations, the court has the discretion to order that a defense representative be allowed to attend or that the testing be recorded. (Citing Fed.R.Civ.P. 12.2(c)(1)(B) ("court may ... order the defendant to be examined under procedures ordered by the court"); *United States v. Kaczynski,* 1997 WL 668395, at *3 (E.D.Cal. Oct. 22, 1997) (denying government request to videotape government experts' examinations, but allowing examinations to be audio-taped and permitting defense counsel to monitor examinations via live audio or video feed); *Commonwealth v.*

*Baldwin,* 426 Mass. 105, 686 N.E.2d 1001, 1005 (1997) (holding that while Sixth Amendment does not categorically demand that defense counsel be allowed to attend or videotape government testing, court has discretion to allow either procedure). *See id.* In that case, Judge Wolfe ordered that the examination be taped and that there was no Fifth Amendment right given the inability to use the information. Given that the examination here is being compelled by the Court and there is no statutory prohibition of use, if counsel cannot be present to protect Ms. Culkin's Fifth Amendment rights, her constitutional rights are at grave risk. *See Barefoot v. Estelle,* 451 U.S. 454, 462-63 (finding that there is no distinction between the Fifth Amendment protections at guilt versus penalty stage and precluding unwarned statements made to a psychiatrist in a State compelled examination).

As to Dr. Rosmarin, his CV was sent to counsel in a zip file that could not be opened and he is going to fax that to counsel as soon as he returns to his office. Counsel will submit his resume as soon as she receives it. The point is, Dr. Rosmarin came highly recommended for these types of proceedings from the Federal Defenders Office which has found the Bureau of Prison testing inferior and incredibly slow. The government dismisses the basis for being concerned about the Bureau of Prison's testing, however, the Federal Defenders Office is a well-respected institutional entity with great credibility with the judges of this Court and with most Assistant United States Attorneys. The lengthy delay in a BOP review was confirmed with the United States Marshals Service which obviously has experience with these issues and corroborates the Court's own experience as to months of delay.

At a minimum, the Court should grant the funds so that the defense can have Ms. Culkin tested immediately in an effort to expedite this issue.  The government provides no concrete or well-founded basis why this should not go forward.  To do so will not prejudice the government or the Court should additional testing be sought, particularly since the examination can be accomplished within the next five days.

Accordingly, funding for Dr. Rosmarin should be immediately granted.  As to the funding itself, that is an issue between the defense and the Court, and, frankly, the government has no right to intervene on the subject of funding for indigent defendants under the Criminal Justice Act which is not an Executive Branch issue.  Put simply, there is no legal basis for the government to object to funds that are necessary to effectively represent a defendant as that determination lies within the discretion of this Court who is entrusted to determine what is necessary for an effective defense.

WHEREFORE it is respectfully requested that this Court approve the funding necessary for Dr. Rosmarin to do an immediate evaluation in excess of the $800 in psychiatric expert services in this matter at this time.

Dated:  May 15, 2012

                                                Respectfully submitted,
                                                Linda Culkin
                                                By her attorney,

                                                */s/ Inga L. Parsons*

                                                _____
                                                Inga L. Parsons (BBO#675211)
                                                3 Bessom Street, No. 234
                                                Marblehead, MA  01945
                                                781-581-2262

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the 15th day of May, 2014 upon all counsel of record by ECF/CM delivery:


        /s/     *Inga L. Parsons*
                Inga L. Parsons