UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 12-10080-GAO

UNITED STATES OF AMERICA
v.

LINDA LOUISE CULKIN,
Defendant.

ORDER FOR PSYCHOLOGICAL EXAMINATION
May 27, 2014

O'TOOLE, D.J.

Having considered the allegations to which the defendant Linda Louise Culkin pleaded guilty, her allocution at the Rule 11 hearing, the presentence report, the parties' sentencing memoranda, and various unsolicited and *ex parte* written communications from the defendant to the Court, the Court finds that there is "substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which [s]he is need of custody for care or treatment in a suitable facility," and the Court is "of the opinion that there is reasonable cause to believe" the same. 18 U.S.C. § 4244(a). Accordingly, a hearing under § 4244(a) is appropriate.

Before such a hearing, the Court has the power under 18 U.S.C. § 4244(b) to order that a "psychological examination of the defendant be conducted, and that a . . . psychological report be filed with the [C]ourt, pursuant to the provisions of section 4247(b) and (c)." Because the Court desires information not only about the defendant's psychological condition, but also about the ability of the Bureau of Prisons to care for her while she is in its custody as well as any potential sentencing alternatives, the Court has the power to, and will, commit Defendant Culkin for an initial period of thirty days "to the custody of the Attorney General for placement in a

suitable facility" of the Bureau of Prisons to conduct a psychological examination, which period may be extended "upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." 18 U.S.C. § 4247(b). "Unless impracticable, the . . . psychological examination shall be conducted in the suitable facility closest to the [C]ourt." Id.

The Court raised this possibility *sua sponte* at the sentencing hearing, and neither party objected at that time. The defendant thereafter moved for a substitute to an examination under § 4244(b), to be conducted locally by a qualified examiner identified by her. After due consideration, the Court concludes that the full regular process contemplated by the statute is a preferable course, and her motion (dkt. no. 119) for immediate local evaluation is therefore DENIED.

It is therefore,

ORDERED that Defendant Linda Louise Culkin be committed for an initial period of thirty days to the custody of the Attorney General for placement at the Bureau of Prisons facility closest to the Court that is suitable to conduct a psychological examination of her for the purposes outlined in this Order and then promptly to file a report of these examinations with the Court;

ORDERED that the facility shall conduct this examination in order to assist the Court in determining the defendant's mental condition as part of the presentence investigation, under 18 U.S.C. § 3552(c), and to determine whether she is presently suffering from a mental disease or defect for the treatment of which she is in need of custody for care or treatment in a suitable facility, under 18 U.S.C. § 4244(a);

ORDERED that a report of the examination be thereafter filed with the Court, and that this report include not only the information required in 18 U.S.C. § 4247(c), but also, if it

includes an opinion that the defendant is presently suffering from a mental disease or defect that would not require her custody in a suitable facility for care or treatment of these conditions, the report shall also include an opinion concerning the sentencing alternatives that could best accord her the kind of treatment that she does need;

ORDERED that copies of the report be provided to counsel for the defendant and counsel for the United States, as provided in 18 U.S.C. § 4247(c); and it is finally ORDERED that on July 24, 2014, at 2:00 p.m., the Court will hold a status conference at which will be discussed scheduling a hearing regarding the defendant's mental condition pursuant to 18 U.S.C. § 4244(a), (c), and 18 U.S.C. § 4247(d), and any other matters that need to be addressed at that time.

                                                            <u>George A. O'Toole, Jr.     </u>
                                                            United States District Judge