UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
--------------------------------------------------------------------
UNITED STATES OF AMERICA,


                    -v-                       12CR10080-GAO

LINDA CULKIN,

                          Defendant.
-----------------------------------------------------------------------X



**MOTION FOR DEFENSE ATTORNEY APPEARANCE AT EVALUATION OF
DEFENDANT CULKIN AND APPROVAL OF TRANSPORTATION COSTS
UNDER THE CRIMINAL JUSTICE ACT**

COMES NOW, the defendant, Linda Culkin, through her appointed counsel, Inga L. Parsons, and hereby moves this Court for permission to attend the psychiatric evaluation in this case, or, alternatively, to be on site in the event that Ms. Culkin requires consultation with her counsel.

The court has ordered an examination pursuant to 18 U.S.C. § 4424.  Counsel has been in communication with officials at the Metropolitan Correctional Center in New York City officials and advised of her desire to be present.  The representatives have requested that permission be obtained through the judge.  Counsel has previously advised the Court of her desire to be present at the evaluation.

The Court has ordered an examination pursuant to 18 U.S.C. § 4424 which is an examination being compelled by the Court, as such, Ms. Culkin has Fifth Amendment and Sixth Amendment rights and it is counsel's job to ensure that they are enforced.  The Sixth Amendment right to effective assistance of counsel inheres at all "critical stages" of a criminal proceeding unless competently waived. *United States v. Mateo,* 950 F.2d 44, 47 (1st Cir.1991).  It is hard to conceive that a psychiatric examination by a government entity to determine confinement of a defendant would not be a "critical stage."  This is a somewhat different than the situation Judge Wolfe faced in *United States v. Sampson*, 335 F.Supp.2d 166, 247 (D.Mass 2004), determining whether counsel should be present at a psychological examination where the defendant was presenting expert testimony on his medical conditions pretrial where Rule 12.2 F.R.Cr.P. which provides that "[n]o statement made by a defendant in the course of any examination conducted under this rule ... and no other fruits of the statement may be admitted into evidence against the defendant in *any criminal proceeding* except on an issue regarding mental condition" on

which the defendant has introduced expert evidence pursuant to Rule 12.2. Fed.R.Crim.P.

12.2(c)(4).  *Id.* (emphasis in Judge Wolfe's opinon); (citing 1983 Advisory Committee

Notes (stating that Rule 12.2(c) was written to "reflect the Fifth Amendment

considerations" addressed in *Estelle*) (other citations omitted).

In analyzing the need for counsel at the examination, Judge Wolfe observed that

even where the Fifth Amendment is not implicated, while "a substantial majority of state

and federal jurisdictions have held that a defendant does not have the right to counsel

during a psychiatric examination there is no controlling Supreme Court or First Circuit

precedent, and there are compelling arguments on both sides." *Id.*  at (citing  *U.S. v.*

*Byers,* 740 F.2d 1104 (D.C.Cir.1984) ( *en banc* ) (five judges found no right to counsel,

four judges dissented and three judges would have refused to consider the appeal on

procedural grounds.) (Internal citations omitted)).  Judge Wolfe concluded that

"regardless of whether a defendant has a constitutional right to have counsel present at

the government's examinations, the court has the discretion to order that a defense

representative be allowed to attend or that the testing be recorded. (Citing Fed.R.Civ.P.

12.2(c)(1)(B) ("court may ... order the defendant to be examined under procedures

ordered by the court"); *United States v. Kaczynski,* 1997 WL 668395, at *3 (E.D.Cal.

Oct. 22, 1997) (denying government request to videotape government experts'

examinations, but allowing examinations to be audio-taped and permitting defense

counsel to monitor examinations via live audio or video feed); *Commonwealth v.*

*Baldwin,* 426 Mass. 105, 686 N.E.2d 1001, 1005 (1997) (holding that while Sixth

Amendment does not categorically demand that defense counsel be allowed to attend or

videotape government testing, court has discretion to allow either procedure). *See id.*  In

that case, Judge Wolfe ordered that the examination be taped and that there was no Fifth

Amendment right given the inability to use the information.

Given that the examination here is being compelled by the Court and there is no

statutory prohibition of use, if counsel cannot be present to protect Ms. Culkin's Fifth

Amendment rights, her constitutional rights are at grave risk. *See Barefoot v. Estelle,* 451

U.S. 454, 462-63 (finding that there is no distinction between the Fifth Amendment

protections at guilt versus penalty stage and precluding unwarned statements made to a

psychiatrist in a State compelled examination). At a minimum, counsel should be

permitted to be on site in the event that Ms. Culkin requires consultation with her

counsel. To that end, counsel requests out of state transportation funding under the

Criminal Justice Act to accommodate her appearance at the MCC during the evaluation.

WHEREFORE it is respectfully requested that this Court permit counsel to be

present at the evaluation, or, alternatively, to be on site for consultation purposes given

that Ms. Culkin's fifth and sixth amendment rights are at issue in a court compelled

examination, and for such other and further relief as this Court deems just and necessary.


Dated:  June 17, 2014

                                                            Respectfully submitted,
                                                            Linda Culkin
                                                            By her attorney,

                                                            */s/ Inga L. Parsons*
                                                            _____
                                                            Inga L. Parsons (BBO#675211)
                                                            3 Bessom Street, No. 234
                                                            Marblehead, MA  01945
                                                            781-581-2262

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on the 17th day of June, 2014 upon all counsel of record by ECF/CM delivery:


_____/s/_____*Inga L. Parsons*_____
                                Inga L. Parsons