AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
**V.**

**LINDA LOUISE CULKIN**

## JUDGMENT IN A CRIMINAL CASE

Case Number: **1:  12  CR  10080   - 001 - GAO**

USM Number: 94250-038

INGA PARSONS, ESQUIRE

Defendant's Attorney

☐ Additional documents attached

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)     1s-14s  ( Date of Plea: 11/20/13)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC SEC.876(c) | Mailing Threatening Communications | 07/15/09 | 1s |
| 18 USC SEC.876(c) | Mailing Threatening Communications | 07/13/09 | 2s |
| 18 USC SEC. 876(c) | Mailing Threatening Communications | 04/02/10 | 3s |
| 18 USC SEC.844(e) | Threats and False Information Regarding Explosives | 09/15/09 | 4s |
| 18 USC SEC 844(e) | Threats and False Information Regarding Explosives | 09/16/09 | 5s |

The defendant is sentenced as provided in pages 2 through ___14___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)     1-14     ☐ is   ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

09/17/14

Date of Imposition of Judgment

Signature of Judge

The Honorable George A. O'Toole

Judge, U.S. District Court

Name and Title of Judge

9/18/14

Date

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

DEFENDANT: **LINDA LOUISE CULKIN**
CASE NUMBER: **1: 12 CR 10080 - 001 - GAO**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC SEC. 844(e) | Threats and False Information Regarding Explosives | 09/08/11 | 6s |
| 18 USC SEC.844(e) | Threats and False Information Regarding Explosives | 09/14/11 | 7s |
| 18 USC SEC 844(e) | Threats and False Information Regarding Explosives | 12/30/11 | 8s |
| 18 USC SEC 1038 | False Information and Hoax Regarding a Biological Agent | 03/22/10 | 9s |
| 18 USC SEC 175(a) | and Toxin | | |
| 18 USC SEC.1038 | False Information and Hoax Regarding a Biological Agent | 05/23/11 | 10s |
| 18 USC SEC. 175(a) | and Toxin | | |
| 18 USC SEC.1038 | False Information and Hoax Regarding a Biological Agent | 09/16/11 | 11s |
| 18 USC SEC.175(a) | and Toxin | | |
| 18 USC SEC. 1038 | False Information and Hoax Regarding a Biological Agent | 09/16/11 | 12s |
| 18 USC SEC.175(a) | and Toxin | | |
| 18 USC SEC.875(c) | Transmitting Threatening Communications in Interstate and Foreign Commerce | 12/18/10 | 13s |
| 18 USC SEC875(c) | Transmitting Threatening Communications in Interstate and Foreign Commerce | 02/21/11 | 14s |

AO 245B(05-MA)        (Rev. 06/05) Judgment in a Criminal Case
                      Sheet 2 - D. Massachusetts - 10/05

DEFENDANT:  **LINDA LOUISE CULKIN**              [+]          Judgment — Page    3    of    14
CASE NUMBER: **1: 12  CR  10080   - 001 - GAO**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:        51        month(s)

on each of counts 1s-14s, all counts to run concurrently.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that the defendant participate in substance abuse treatment
while in Bureau of Prisons' custody. The court also recommends that the defendant participate in
psychological care for her mental health needs
[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____  [ ] a.m.   [ ] p.m.   on _____ .

   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2 p.m. on _____ .

   [ ] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 2A - D. Massachusetts - 10/05

Judgment—Page __4__ of __14__

DEFENDANT:    **LINDA LOUISE CULKIN**
CASE NUMBER: **1: 12 CR 10080   - 001 - GAO**

## ADDITIONAL IMPRISONMENT TERMS

The court also recommends that the Bureau of Prisons take into account the defendant's family circumstances when designating a facility.

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page ___5___ of ___14___

DEFENDANT: **LINDA LOUISE CULKIN** ➕

CASE NUMBER: **1: 12 CR 10080 - 001 - GAO**

## SUPERVISED RELEASE

✅ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3  year(s)

on each of counts 1s-14s, all terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✅   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✅   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:   **LINDA LOUISE CULKIN**                              Judgment—Page ___6___ of ___14___
CASE NUMBER:  **1: 12  CR  10080  - 001 - GAO**

## ADDITIONAL☑ SUPERVISED RELEASE☐PROBATION TERMS

1.)The defendant shall not have any contact, direct or indirect, with the victims in this case.
2.)The defendant shall not make any threats in person or by telephone, mail, or electronic communication to
the victims in this case, any other person, or the occupants of the buildings in which they live or work,
regardless of whether those threats are conveyed to a victim or to any other person.
3.) The defendant is to pay the balance of the restitution according to a schedule set by probation, or, if
necessary, by the court after a hearing.
4.) The defendant is prohibited from incurring new credit charges or opening additional lines of credit without
the approval of the Probation Office while any financial obligations remain outstanding.
5.) The defendant is to provide the Probation Office access to any requested financial information, which may
shared with the Financial Litigation Unit of the US Attorney's Office.
6.) The defendant is to participate in a program for substance abuse counseling as directed by the Probation
Office, which program may include testing, not to exceed 104 drug tests per year to determine whether the
defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs
of services for such treatment based on the ability to pay or availability of third party payment.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

7.) The defendant is to participate in a mental health treatment program as directed by the Probation Office.
The defendant shall be required to contribute to the costs of services for such treatment based on the ability to
pay or availability of third party payment.
8.) The defendant shall take all medications as directed by her mental health treatment provider.
9.) The defendant shall not use or possess, directly or through an intermediary, computer hardware (that is,
any electronic device capable of data processing, such as a computer, personal digital assistant, or
smart phone) at any location, except as deemed necessary by the Court or the Probation Office beforehand,
and for work-related or vocational training purposes only;
10.) Defendant shall not live in a residence at which computer hardware is present, unless that hardware is
password-protected against defendant's use or that device's use is authorized by the Court of Probation
beforehand;
11.)Defendant shall not use the Internet directly or through an intermediary at her home, work, public library,
or anywhere else, except as deemed necessary by the Court of Probation beforehand and for work-related or
vocational-training purposes only;
12.) Defendant shall provide the Probation office a list of the names of the Internet services and the user
names that she uses on those services, and shall keep that list updated promptly;

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:     **LINDA LOUISE CULKIN**                    Judgment—Page ___7___ of ___11___
CASE NUMBER:   **1: 12  CR  10080   - 001  - GAO**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

13.) Defendant and any cohabitant at her residence shall allow the Probation Department to install software designed to monitor computer activities on any computer hardware that is allowed to be present at her residence;

14.) Defendant shall submit her person, and any property, house, residence, vehicle, papers, computer, electronic communications, Internet accounts, data storage devices and media, and other effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions;

15.) Defendant shall notify employers and potential employers of these conditions.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page   8   of   14

DEFENDANT:   **LINDA LOUISE CULKIN**
CASE NUMBER: **1: 12 CR 10080 - 001 - GAO**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $   $1,400.00 | $ | $   $127,133.99 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| K.S. | | $123,677.00 | |
| Police Department (outside | | $3,456.99 | |
| of the US) | | | |

☐ See Continuation Page

| **TOTALS** | $     $0.00 | $     $127,133.99 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☐ fine   ☑ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 5A - D. Massachusetts - 10/05

DEFENDANT:       **LINDA LOUISE CULKIN**                    Judgment—Page __9__ of __14__
CASE NUMBER:     **1: 12  CR  10080   - 001  - GAO**

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

All restitution payments shall be made to the Clerk, US District Court for transfer to the identified victims. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The assessment fee is due forthwith.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT:   **LINDA LOUISE CULKIN**                Judgment — Page   10   of   14
CASE NUMBER: **1: 12 CR 10080 - 001 - GAO**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance    ☐ C,   ☐ D,    ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐  D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

        Payment off the restitution shall begin immediately and shall be made according to the requirements of the
        Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and
        according to a repayment schedule as set down by probation, or, if necessary, by the court after a hearing
        during the term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                       ☐ See Continuation Page

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
        and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 06/05) Criminal Judgment
        Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **LINDA LOUISE CULKIN**                                    Judgment — Page  11  of   14
CASE NUMBER: **1: 12  CR  10080   - 001 - GAO**
DISTRICT:          **MASSACHUSETTS**

# STATEMENT OF REASONS

## I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☐    **The court adopts the presentence investigation report without change.**

B ☑    **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

    1  ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

    2  ☑    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

            pursuant to USSG section 3C1.1.

    3  ☐    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

    4  ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II    COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☑    No count of conviction carries a mandatory minimum sentence.

B ☐    Mandatory minimum sentence imposed.

C ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

    ☐    findings of fact in this case
    ☐    substantial assistance (18 U.S.C. § 3553(e))
    ☐    the statutory safety valve (18 U.S.C. § 3553(f))

## III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:        22
Criminal History Category:  1
Imprisonment Range:    41      to  51       months
Supervised Release Range:  1        to  3        years
Fine Range: $  7,500      to  $  75,000
☑    Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) –- Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **LINDA LOUISE CULKIN**                     ▣
CASE NUMBER: **1: 12 CR 10080   - 001 - GAO**
DISTRICT:              **MASSACHUSETTS**

Judgment — Page  12  of    14

## STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☑   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B  ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C  ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D  ☐   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V     DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐  below the advisory guideline range
☐  above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1      **Plea Agreement** (Check all that apply and check reason(s) below.):
☐   5K1.1 plea agreement based on the defendant's substantial assistance
☐   5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐   binding plea agreement for departure accepted by the court
☐   plea agreement for departure, which the court finds to be reasonable
☐   plea agreement that states that the government will not oppose a defense departure motion.

2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐   5K1.1 government motion based on the defendant's substantial assistance
☐   5K3.1 government motion based on Early Disposition or "Fast-track" program
☐   government motion for departure
☐   defense motion for departure to which the government did not object
☐   defense motion for departure to which the government objected

3      **Other**
☐   Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:   **LINDA LOUISE CULKIN**                                     Judgment — Page  13  of    14
CASE NUMBER: **1: 12 CR  10080   - 001  - GAO**
DISTRICT:              **MASSACHUSETTS**

## STATEMENT OF REASONS

VI     **COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
        (Check all that apply.)

   A    **The sentence imposed is** (Check only one.):
        ☐ below the advisory guideline range
        ☐ above the advisory guideline range

   B    **Sentence imposed pursuant to** (Check all that apply.):

        1      **Plea Agreement** (Check all that apply and check reason(s) below.):
               ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
               ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
               ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
                 system

        2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
               ☐ government motion for a sentence outside of the advisory guideline system
               ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
               ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

        3      **Other**
               ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

   C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

        ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
        ☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
        ☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
        ☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
        ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
          (18 U.S.C. § 3553(a)(2)(D))
        ☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
        ☑ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   D    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:       **LINDA LOUISE CULKIN**                          Judgment — Page  14  of      14
CASE NUMBER:  **1: 12  CR  10080  - 001 - GAO**
DISTRICT:        **MASSACHUSETTS**

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A   ☐   Restitution Not Applicable.

B      Total Amount of Restitution:   127,133.99

C      Restitution not ordered (Check only one.):

1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3   ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4   ☐   Restitution is not ordered for other reasons.  (Explain.)

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:    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                          Date of Imposition of Judgment
                                                                  09/17/14
Defendant's Date of Birth:    00-00-1959

Defendant's Residence Address:   Quincy, MA 02169                 Signature of Judge
                                                                 The Honorable George A. O'Toole  Judge, U.S. District Court
Defendant's Mailing Address:                                     Name and Title of Judge
                              Quincy, MA 02169                    Date Signed      9/18/14